# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Raymond Keith Fitchett**                    **Docket No. 2:11-CR-41-1D**

### Petition for Action on Supervised Release

COMES NOW Stephen W. Larson, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Raymond Keith Fitchett, who, upon an earlier plea of guilty to Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on July 19, 2012, to the custody of the Bureau of Prisons for a term of 108 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of life.

Raymond Keith Fitchett was released from custody on July 1, 2019, at which time the term of supervised release commenced.

On September 18, 2019, a Petition for Action was submitted to the court recommending that the condition ordering Fitchett to abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program be stricken and replaced with sex offender-related conditions which were recommended by the sex offender treatment provider and which were individualized to meet the specific needs of the defendant. The court concurred with recommendations on September 20, 2019.

On May 29, 2020, a Violation Report was submitted to the court advising that the defendant tested positive for marijuana via an instant urine screen. The defendant was reportedly unaware that CBD use was prohibited while under supervision and was counseled about the potential consequences of his continued use of the substance. The court agreed to continue the defendant on supervision without modification.

On January 26, 2021, a Petition for Action was submitted to the court advising that in September 2020, Fitchett was transferred to a new sex offender treatment provider, Albemarle Psychology Clinical & Forensics in Elizabeth City, North Carolina. Following this transfer, he underwent a psycho-sexual reevaluation and was recommended to continue bi-weekly individual counseling. The court was also informed that to aid in the defendant's supervision, the sex offender treatment provider recommended Fitchett's supervised release conditions be modified to include a condition prohibiting him from hitchhiking or picking up hitchhikers. As such, it was recommended the defendant's supervised release conditions be modified accordingly. The court concurred with the recommendation on January 27, 2021.

On May 18, 2021, a Petition for Action was submitted to the court advising that the defendant admitted to the probation officer that on four occasions he stayed overnight at a residence that was not approved. In response to this violation, it was respectfully recommended the defendant be ordered to abide by a curfew with electronic monitoring for a period of 60 consecutive days. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision. The court concurred with the recommendation on May 19, 2021.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the

Raymond Keith Fitchett
Docket No. 2:11-CR-41-1D
Petition For Action
Page 2

current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shaft permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall provide the probation office with access to any requested financial information.
2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.
3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

Raymond Keith Fitchett
Docket No. 2:11-CR-41-1D
Petition For Action
Page 3

4. The defendant shall participate in mental health/sex offender treatment, evaluation testing, clinical polygraphs and other assessment instruments as directed by the probation officer.
5. The defendant shall comply with the registration requirements of the Sex Offender Registration and Notification Act of 2006, as directed by the Bureau of Prisons and the probation officer.
6. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
7. The defendant shall submit to a search of his person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant. The search may be conducted by any law enforcement officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Stephen W. Larson
Stephen W. Larson
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2343
Executed On: June 25, 2026

**ORDER OF THE COURT**

Considered and ordered this __26__ day of __June__, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge